UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81309-CIV-MARRA

LILIAN AFFONSO
and other similarly-situated individuals,

    Plaintiff,

v.

SOUTHEASTERN FLORIDA
TRANSPORTATION GROUP, LLC

    Defendant.
_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court upon Plaintiff's Motion for Summary Judgment against Defendant Southeastern Florida Transportation Group, LLC, which was filed on September 2, 2016 (DE 26).  Defendant did not file a response to the motion.[1]  The Court has carefully considered the motion and is otherwise fully advised in the premises.

**I.**    **BACKGROUND**

The facts, as culled from affidavits and admissions, and reasonably inferred therefrom in a light most favorable to Defendant, for the purpose of this motion, are as follows:[2]

---

[1] Defendant is not represented by counsel in this matter. On June 10, 2015, by written Order, the Court permitted defense counsel to withdraw but cautioned Defendant that it could not represent itself, stating: "'[T]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.' *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  Accordingly, the artificial-entity Defendant cannot defend this action until it is represented by counsel."  To date, Defendant has not retained new counsel.

[2] Defendant did not controvert Plaintiff's statement of fact.  Pursuant to Local Rule 56.1(b), "[a]ll material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."  S.D.

Plaintiff filed this lawsuit on October 25, 2014, against the Defendant for claims for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") (Count I) and interference with, and retaliation for exercising, Plaintiff's rights under the Family and Medical Leave Act ("FMLA") (Counts II and III). (DE 1.)

According to the undisputed facts, Plaintiff was employed by Defendant to work as a dispatcher from approximately 2005 through May 25, 2012. (DE 26-1, Pl.'s Aff. ¶ 5.) During her employment, Plaintiff was paid an average of $10 per hour and was scheduled to work 40 hours per week. (*Id.* ¶¶ 6, 9; DE 26-5, Request for Admission ("RFA") ¶ 1.) In actuality, Plaintiff was required to work from Monday to Friday from 4:55 AM to 2:00 PM or 45.15 hours per week for 33 weeks; however, Plaintiff was paid for just 40 hours per period. (DE 26-1, Pl.'s Aff. ¶ 10; DE 26-5, RFA ¶ 11.) Due to Defendant's failure to pay overtime wages, Plaintiff is owed $2,549.25. (DE 26-1, Pl.'s Aff. ¶ 17.)

On April 27, 2012, Plaintiff gave Defendant reasonably advance notice that she would require FMLA leave for eye surgery and recovery. (DE 26-2, Notice; DE 26-5, RFA ¶¶ 15-19.) Defendant did not approve or deny the request but simply ignored it. (DE 26-5, RFA ¶ 19.)[3] Plaintiff's supervisor made remarks indicating that Plaintiff's job would be in jeopardy while Plaintiff was out on leave. (DE 26-5, RFA ¶ 32.) At the end of May 2012, Defendant terminated Plaintiff's employment. (*Id.* ¶ 26.) Defendant terminated Plaintiff's employment in retaliation for her attempts

---

Fla. L.R. 56.1(b).

[3] On May 25, 2012, Plaintiff notified her supervisor that she was feeling sick and reported she had a medical appointment; in response, Plaintiff's supervisor only reprimanded her. (DE 26-1, Pl.'s Aff. ¶ 19; DE 26-5, RFA ¶¶ 20-21.)

to obtain leave under the FMLA. (*Id.* ¶ 28.) Plaintiff remained unemployed for approximately two years following termination, resulting in lost wages of $32,561.75. (DE 26-1, Pl.'s Aff. ¶ 25.)

Plaintiff now moves for summary judgment, claiming that Defendant is liable to her for unpaid overtime wages, liquidated damages, lost wages, and attorney's fees and costs.

## II. LEGAL STANDARD

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record,] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325. The material in the record must be viewed in a light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

### III. DISCUSSION

#### A. FLSA Overtime Claim

Plaintiff argues that she is entitled to summary judgment on her claims against Defendant for violation of the overtime provisions of the FLSA. To prove a violation of the overtime provisions of the FLSA, Plaintiff must demonstrate that (1) she worked overtime without compensation and (2) Defendant knew or should have known of the overtime work. *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007). As a result of Defendant's failure to respond to Plaintiff's Request for Admissions, the factual matters in the Request are deemed admitted. (DE 32.) Based upon Plaintiff's affidavit and Defendant's admissions, Plaintiff has offered substantial evidence to show the amount of time she spent working overtime and that Defendant knew of the overtime work. (DE 26-1, Pl.'s Aff. ¶ 10; DE 26-5, RFA ¶ 11.)

Because Defendant has not presented any evidence to rebut Plaintiff's affidavit, the Court finds that Plaintiff's unopposed evidence establishes that Defendant failed to pay Plaintiff overtime compensation and Plaintiff is owed the claimed amount of $2,549.25 in unpaid wages.

Plaintiff also seeks liquidated damages under Section 216(b) of the FLSA, which permits liquidated damages in an amount equal to the unpaid wages. An employer seeking to avoid

liquidated damages bears the burden of proving that his violation of the FLSA was "both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (internal quotation marks omitted). "[L]iquidated damages are mandatory absent a showing of good faith." *Id.* Because Defendant has not provided any evidence in opposition to Plaintiff's summary-judgment motion, Defendant has failed to carry its burden of proving that its FLSA violation was in good faith and based on reasonable grounds. Accordingly, liquidated damages in the amount of unpaid wages, $2,549.25, shall be awarded in this case.

      **B.**      **FMLA Claims**

Under the FMLA, eligible employees are entitled to a total of 12 workweeks of unpaid leave during any twelve month period because of a "serious health condition that makes the employee unable to perform the function of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The Eleventh Circuit has recognized two cognizable claims under the FMLA: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Strickland v. Water Works and Sewer Board of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001) (internal citations omitted). Plaintiff asserts both a claim of interference and a claim of retaliation under the FMLA.

As to the interference claim, a plaintiff must demonstrate that she was entitled to rights under the FMLA and that the plaintiff's employer denied her those rights. *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1353-54 (11th Cir. 2000). In addition, a plaintiff must demonstrate some harm remediable by either damages or equitable relief. *Evans v. Books-A-Million*,

5

762 F.3d 1288, 1296 (11th Cir. 2014). With respect to an employee's right to take FMLA leave, unlawful employer interference includes not only refusing to authorize FMLA leave, but also "discouraging an employee from using such leave." 29 C.F.R. § 825.220(b). *Diamond v. Hospice of Florida Keys, Inc.*, 677 F. App'x 586, 592-93 (11th Cir. 2017) (finding that employer's e-mail to plaintiff stating that her absence from work compromised patient care constituted evidence of FMLA interference).

Here, on or about April 27, 2002, Plaintiff sent Defendant notice of her intent to take FMLA leave for surgery and recovery time to treat a serious eye condition.[4] (DE 26-2, Notice; DE 26-5, RFA ¶¶ 15-19.) Defendant did not deny or approve her leave request(s), made remarks indicating that Plaintiff's job would be in jeopardy while on leave, and one month later terminated her employment. (DE 26-5, RFA ¶¶ 19, 26, 32.) As a result, Defendant discouraged or "prevented [Plaintiff] from obtaining the benefits of FMLA to treat [her] serious health condition." (DE 26-1, Pl.'s Aff. ¶ 23.) Based upon the record, therefore, the Court concludes that Plaintiff has produced sufficient evidence for a reasonable jury to conclude that Defendant interfered with Plaintiff's FMLA rights. (DE 26-1, Pl.'s Aff. ¶¶ 17, 23; DE 26-2, Notice; DE 26-5, RFA ¶¶ 15-19, 27.)

To succeed on a retaliation claim, an employee must demonstrate that his employer intentionally discriminated against him in the form of an adverse employment action for having exercised an FMLA right. *Strickland*, 239 F.3d at 1207. When a plaintiff asserts a claim of retaliation under the FMLA, in the absence of direct evidence of the employer's intent, the

---

[4] In addition, on May 25, 2012, Plaintiff gave Defendant notice of her need for medical attention, left work, and reported directly to the hospital. Because Plaintiff properly gave notice of her request for FMLA leave due to her eye surgery and recovery, the Court need not consider whether Plaintiff's indication to her supervisor one month later that she was sick and had a medical appointment qualifies as proper notice of a serious medical condition.

burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies. *Strickland*, 239 F.3d at 1207. In order to state a claim of retaliation, an employee must allege that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity. *Id.* Once the employee establishes a prima facie case of retaliation, the burden shifts to the employer to articulate a legitimate reason for the adverse action. *Martin v. Brevard Cty. Pub. Sch.*, 543 F.3d 1261, 1268 (11th Cir. 2008). If the employer does so, the employee must then show that the employer's proffered reason was pretextual by presenting evidence sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision. *Id.*

Here, Plaintiff has provided substantial evidence that she engaged in protected conduct by attempting to take FMLA leave for a serious eye condition starting on or about April 27, 2012. (DE 26-2, Notice; DE 26-5, RFA ¶¶ 15-19.) Plaintiff was subjected to adverse employment action when her employment was terminated on or about May 25, 2012. (DE 26-5, RFA ¶ 26.)

Furthermore, the evidence shows that the decision was causally related to the protected activity. To establish the causal connection element, "a plaintiff need only show that the protected activity and the adverse action were not wholly unrelated." *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) (citation omitted). The general rule is that close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection. *Id.* Further, in order to show the two things were not entirely unrelated, the plaintiff must generally show that the decision maker was aware of the protected conduct at the time of the adverse employment action. *Id.*

7

Here, Plaintiff's employment was terminated only one month after she sought approval to take FMLA leave. (DE 26-5, RFA ¶¶ 15-19, 25-26.) Further, there is evidence in the record that her supervisor was aware of the FMLA request because the supervisor "made remarks indicating that Plaintiff's job would be in jeopardy while . . . she was out on leave." (DE 26-5, RFA ¶ 32.) Defendant has failed to articulate a legitimate business reason for the termination decision (or any reason at all). Accordingly, the Court concludes that Plaintiff has established a FMLA retaliation claim.

If an employer is found to be in violation of the FMLA, the employer is liable to the employee for compensatory damages equal to "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." 29 U.S.C. § 2617(a)(1)(A)(i). The employer is further liable for liquidated damages equal to the sum of the compensatory damages plus interest. *Id.* at § 2617(a)(1)(A)(iii). Nevertheless, if an employer can prove that the act or omission which violated the FMLA was in good faith and that the employer had reasonable grounds for believing that the act or omission was not in violation of the FMLA, the court may reduce the amount of liability. *Id.*

Here, Plaintiff has lost wages in the amount of $32,561.75 for the two years that she remained unemployed. (DE 26-1, Pl.'s Aff. ¶ 25.) Because Defendant has not demonstrated a reasonable or good faith basis for the violation, Plaintiff is entitled to liquidated damages equal to the lost wages.

Plaintiff has also sought damages related to mental distress stemming from the retaliation in the amount of $10,000, as well as punitive damages. However, the FMLA does not allow recovery for mental distress. *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1284 (11th Cir. 1999). Likewise, federal courts have repeatedly ruled that punitive damages are not available under the

FMLA. *See Andrews v. CSX Transp., Inc.*, No. 3:06-CV-704-J-32HTS, 2009 WL 5176462, at *2 (M.D. Fla. Dec. 22, 2009) (collecting cases).

In summary, Plaintiff has met her burden of proving, by a preponderance of the evidence, her claims against Defendant for violation of the overtime provisions of the FLSA, as well as her FMLA interference and retaliation claims. 29 U.S.C. § 206. Based on the undisputed facts culled from Plaintiff's affidavit and the undisputed facts set forth in Plaintiff's summary-judgment motion deemed admitted under Local Rule 7.5(d), Plaintiff is entitled to summary judgment against Defendant. As such, for the reasons discussed herein, Plaintiff is entitled to unpaid overtime compensation in the amount of $2,549.25, liquidated damages in the same amount, lost wages of $32,561.75, and liquidated damages in the same amount, for a total judgment in the amount of $70,222.00.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff is entitled to summary judgment against Defendant on her claims for violation of the overtime provisions of the FLSA and her FMLA interference and retaliation claims. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment against Defendant Southeastern Florida Transportation Group, LLC (DE 26) is **GRANTED** (with the exception of Plaintiff's request for punitive and mental distress damages). The Court will separately issue judgment for Plaintiff in the amount of $70,222.00, plus post-judgment interest.

Within twenty (20) days of the date of entry of this order, Plaintiff's counsel shall submit affidavits specifying the hours worked, time records, associated billing rates, and proposed total

amount of requested attorney's fees.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of October, 2017.

_____
KENNETH A. MARRA
United States District Judge